# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **WILLIE FRANK WRIGHT, JR** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | No. 5:18-cv-00027-MTT-CHW |
| | : | |
| **JUDGE BRENDA H TRAMMELL** | : | |
| *et al.*, | : | |
| | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

*Pro* se Plaintiff Willie Frank Wright, Jr, currently confined at Autry State Prison, submitted a *pro se* complaint under 42 U.S.C. § 1983. Plaintiff raises two claims for relief in his complaint. He alleges (1) that Judge Brenda Trammel violated Plaintiff's rights during his divorce proceedings, and (2) that his rights were violated by the prosecutor, presiding judge, and clerk of Baldwin County during an unidentified post-conviction proceeding. Plaintiff states that the latter claim "will not invalidate his conviction and is being filed so that he may get a full hearing." Compl. 7, ECF No.1. Plaintiff has not paid the Court's filing fee, therefore, it is presumed that he wishes to proceed in this action *in forma pauperis*.

The Court has now reviewed the complaint and all other submissions and finds that Plaintiff may not proceed in this action without first prepaying the full $400.00 filing fee, as at least three of his prior federal lawsuits were dismissed as frivolous, malicious, or for

failure to state a claim and count as "strikes" under 28 U.S.C. § 1915(g). Consequently, Plaintiff's may not proceed *in forma pauperis* and this action is **DISMISSED without prejudice**.

I. Discussion

Federal law prohibits a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). If a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited and leave may not be granted unless the prisoner shows an "imminent danger of serious physical injury." *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed numerous federal lawsuits and appeals and at least three were dismissed as frivolous, malicious, or for failure to state a claim. *See Wright v. Massey*, 5:11-cv-491-MTT (M.D. Ga. 2011) (dismissed for failure to state a claim); *Wright v. Hicks*, 5:10-cv-246-MTT (M.D. Ga., 2010) (dismissed as frivolous); *Wright v. Waller*, 5:10-cv-254 (MTT) (M.D. Ga. Aug. 23, 2011) (dismissed

for failure to exhaust administrative remedies); *Wright v. Commissioner, Georgia Dept. et al.*, No. 14-10572 (11th Cir. 2014) ("This Court has determined that the "three strikes" provision of the Prison Litigation Reform Act of 1995 is application to [Plainitff].")

Because of this, Plaintiff may not proceed *in forma pauperis* unless he can show that he qualifies for the "imminent danger" exception in § 1915(g). *Rivera v. Allen*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal for providing false filing history is a strike under § 1915(g)), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 216-17 (2007) To satisfy this provision a prisoner must allege specific facts that describe "an ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004)). When reviewing a pro se prisoner's complaint for this purpose, the district court must accept all factual allegations in the complaint as true and view all allegations of imminent danger in Plaintiff's favor. *Brown*, 387 F.3d at 1347; *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Plaintiff does not allege that he is under imminent danger of serious physical injury, and neither the alleged procedural defects in Plaintiff's divorce proceedings nor the defects alleged in the unidentified post-conviction proceedings arguably implicate a risk of serious injury. Accordingly, Plaintiff does not qualify under the imminent danger exception.

**Conclusion**

Because Plaintiff has three prior dismissals that properly qualify as strikes under 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis* in this action. Once a plaintiff is denied *in forma pauperis* status, he cannot simply pay the filing fee and proceed with his complaint. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Accordingly, Plaintiff's complaint is **DISMISSED without prejudice**. *Id.* (the proper procedure is to dismiss the complaint without prejudice).

**SO ORDERED**, this 8th day of March, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT